1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                              SAN JOSE DIVISION
9    LAURA-BUSHELL-MCINTYRE and BRYON          NO. C 01-21091 JW
     MCINTYRE,
10                                              **ORDER GRANTING
                                                DEFENDANTS' MOTION FOR
11                    Plaintiffs,               RECONSIDERATION AND UPON
         v.                                     RECONSIDERATION,
12                                              GRANTING DEFENDANTS'
     WILLIAM FOSTER, and CITY OF SAN JOSE,      RENEWED MOTION FOR
13                                              JUDGMENT AS A MATTER OF
                     Defendant.                 LAW**
14   _____/
15                              **1.  BACKGROUND**
16          At the close of the evidence, pursuant to Federal Rule of Civil Procedure 50(a), Defendants
17   William Foster and the City of San Jose moved for judgment in their favor as a matter of law with
18   respect to Plaintiff Bryon McIntyre's claim for battery and with respect to Plaintiff Laura Bushell-
19   McIntyre's claims for battery and violation of civil rights.  The motions were taken under submission
20   and the case was submitted to the jury.
21          The jury returned a verdict in favor of Plaintiff Bushell McIntyre and against Defendants.
22   Pursuant to Federal Rule of Civil Procedure 50(b), Defendants made a Renewed Motion for Judgment
23   as a Matter of Law.  On March 15, 2005, in a written Order, the Court denied the Renewed Motion for
24   Judgment.  Defendants have now moved the Court to reconsider its March 15 Order on the ground that
25   the decision was based on an erroneous factual premise with respect to the important issue of whether
26   Officer Foster had probable cause to arrest Plaintiff Bushell-McIntyre.  Defendants contend that even
27   construing the evidence in a light most favorable to the Plaintiff, as a matter of law, Officer Foster had
28   probable cause to arrest Plaintiff for battery on a police officer.  Consequently, the Defendants

**United States District Court**
For the Northern District of California

contend that they are entitled to Judgment as a Matter of Law with respect to any claim on which Plaintiff bore the burden of proving lack of probable cause.

Furthermore, Defendants content that, because the evidence clearly established that Officer Foster had probable cause to arrest Plaintiff for battery on a police officer, he was entitled to use force to effect the arrest, unless the Plaintiffs proved that the law put him on notice that the force he used was clearly unlawful. Defendants contend that even construing the evidence in a light most favorable to the Plaintiff, there was no evidence that would put a reasonable police officer on notice that the force used to arrest Plaintiff was clearly unlawful. Defendants ask the Court to reconsider its March 15, Order and grant them Judgment as a Matter of Law.

## 2.  MOTION FOR RECONSIDERATION

Defendants' principal ground for their Motion for Reconsideration is manifest failure of the Court to apply the law to undisputed facts. Specifically, Defendants contend that on the basis of the facts construed favorably to Plaintiff, Officer Foster had probable cause to arrest Plaintiff for battery of a police officer and to use force in effecting the arrest and therefore he  is entitled to qualified immunity from liability on all Claims of Plaintiff Bushell-McIntrye. Defendants attached a copy of the trial transcript to their moving papers. Defendants emphasize that expert witness testimony by Plaintiff's expert witness establish probable cause for Foster's arrest and for his using force to respond to the battery. After reading the transcript, the Court now decides that in ruling on the post-verdict motion, the Court did not give due consideration to whether Officer Foster was qualifiedly immune from liability based on the facts of the case. Therefore, Defendants' motion for reconsideration is granted.   The Court proceeds to reconsider the Renewed Motion for Judgment under Federal Rule of Civil Procedure 50(b).

## 3.  LEGAL STANDARD IN RULING ON MOTION FOR JUDGMENT

The Court reiterates the legal standard for ruling on the Motion for Judgment which was contained in its March 15 Order. In ruling on a motion for judgment as a matter of law, "the trial court can overturn the jury and grant such a motion only if, under the governing law, there can be but one

United States District Court
For the Northern District of California

reasonable conclusion as to the verdict." Winarto v. Toshiba America Electronics Components, Inc., 274 F.3d 1276 (9th Cir. 2001). " In other words, the motion should be granted only if 'there is no legally sufficient basis for a reasonable jury to find for that party on that issue.'" Id. citing Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149 (2000). In ruling on a motion for judgment as a matter of law, the court must not make credibility determinations or weigh the evidence and should view all inferences in the light most favorable to the nonmoving party. Reeves, 530 U.S. at 150 (citing Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986). "[T]he court must accept the jury's credibility findings consistent with the verdict." Bilbrey by Bilbrey v. Brown, 738 F.2d 1462, 1468 n. 8 (9th Cir.1984). It "must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves, 530 U.S. at 151. The court "may not substitute its view of the evidence for that of the jury." Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir.2001).

Under this standard the Court proceeds to consider if under the facts so construed, Officer Foster is entitled to qualified immunity from liability for the arrest or the force used to effect the arrest.

### 4. QUALIFIED IMMUNITY BASED ON PROBABLE CAUSE FOR ARREST

A claim of qualified immunity requires a two part analysis. First, the Court must consider whether the evidence submitted, taken in the light most favorable to the party asserting the injury, shows that the officer's conduct violated a constitutional right. See Saucier v. Katz, 533 U.S. 194 (2001). If the evidence does not establish the violation of a constitutional right, the officer is not liable. See id. The Fourth Amendment prohibits unreasonable seizures. Brower v. County of Inyo, 489 U.S. 593, 596 (1989). An arrest without probable cause violates an individual's constitutional right to be free from unreasonable seizures.

The Renewed Motion for Judgment as a Matter of Law invites the Court to determine whether, even if Plaintiff Bushell-McIntyre's evidence is believed, her admission that she touched Officer Foster accords him immunity for liability for the arrest because her uninvited and unwelcome contact with his body constituted probable cause for arrest for battery of a police officer. The Court has

**United States District Court**
For the Northern District of California

3

United States District Court
For the Northern District of California

reviewed the transcript of the trial and the legal memoranda filed by the parties. Both parties called expert witnesses on the standards of conduct of reasonable police officers. Both expert witnesses stated that in their respective opinions a reasonable police officer would believe that, under the circumstances facing Officer Foster, an individual who reaches out and touches the officer's badge without the police officer's permission is committing a battery against a police officer. Having reconsidered the matter, the Court now finds that the evidence admits to but one conclusion, namely that Officer Foster had reasonable cause to believe that Plaintiff Bushell-McIntyre was committing battery on a police officer when she touched his badge without his permission. Therefore, he had probable cause to arrest her for that offense.

There was a dispute in the evidence over whether Plaintiff committed a second battery on Officer Foster by shoving him with her left arm against his right shoulder. Officer Foster testified that after she "grabbed" his badge, he knocked her hand away with his arm. According to the testimony of Officer Foster, in response to knocking her hand away, Plaintiff shoved his right shoulder.

Plaintiff admitted reaching out to "touch" Officer Foster's badge without his permission so that she could read his badge number. Plaintiff testified that in response to her touching his badge, Officer Foster knocked her hand away with a hard object. She believes that it was a flashlight he was holding. She testified that she made no further physical contact with Officer Foster other than touching his badge. She testified that he forcefully and physically arrested her within seconds after he knocked her hand away.

With regard to this second incident, the evidence clearly established that Officer Foster believed that Plaintiff shoved him. Under the law, his belief that an individual has shoved him, even if he is mistaken in that belief, entitles him to qualified immunity to arrest that individual for battery on a police officer. If an officer makes a reasonable mistake as to what the law requires, the officer is nevertheless entitled to immunity. See Saucier v. Katz, 533 U.S. 194 at 1258. The qualified immunity defense "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." See Malley v. Briggs, 475 U.S. 335, 341 (1986). The inquiry is not whether another

4

United States District Court

For the Northern District of California

1    reasonable or more reasonable interpretation of events can be constructed after the fact.  Rather, the

2    issue is whether a reasonable police officer could have believed that his or her conduct was justified

3    under the circumstances confronting the officer at the time.

4         The arrest encounter took place very quickly.  Officer Foster believed he was dealing with a

5    person who was intoxicated.  In his mind she had grabbed his badge in a belligerent fashion and after

6    he had knocked her hand away, she had retaliated by shoving him.  Under these circumstances, when

7    Officer Foster decided to place Plaintiff under arrest for battery of a police officer.  Even if he were

8    mistaken as to the state of her sobriety or her motivation in touching his badge or even the source of

9    the shove, the evidence admits to but only one conclusion: a reasonable police officer in Officer

10   Foster's position would have believed that he or she had probable cause to arrest Plaintiff for battery

11   of a police officer.

12   **5.  QUALIFIED IMMUNITY FROM LIABILITY FOR USE OF FORCE TO EFFECT THE**

13   **ARREST**

14        Having decided that a reasonable police officer in Officer Foster's situation would have had

15   probable cause to arrest Plaintiff for battery of a police officer, the next issue is whether, construing

16   the evidence in a light most favorable to the Plaintiff, Officer Foster is immune from liability for using

17   force to effect the arrest.  The same Saucier analysis applies to the use of force.

18        The law is clearly established that apprehension by the use of force is a seizure subject to the

19   reasonableness requirement of the Fourth Amendment.  Tennessee v. Garner, 471 U.S. 1, 7 (1985).

20   The determination of "reasonableness" must embody allowance for the fact that police officers are

21   often forced to make split-second judgments, in circumstances that are tense, uncertain and rapidly

22   evolving about the amount of force that is necessary in a particular situation.  The evidence, taken in

23   the light most favorable to the party asserting the injury, supports but one conclusion, namely that

24   Officer Foster did not use excessive force in arresting Plaintiff.

25        Officer Foster testified that after he was shoved by the Plaintiff, he applied a pain-compliance

26   hold against her.  He took her to the floor and perhaps with the assistance of another officer,

27

28                                                    5

1   handcuffed her and took her to his police car.

2      Plaintiff's account of the "take down" did not vary substantially from the description given by

3   Officer Foster.  She was certain that a second police officer assisted Officer Foster and testified that

4   she was roughly treated when being escorted to a police car.  It is significant to the Court's analysis

5   that the principal damages claimed by Plaintiff are not from physical injuries suffered from the take-

6   down.  Her most significant injury was her emotional distress.  She became so traumatized by the

7   circumstances of the arrest that days after the arrest, she froze at the sight of a police officer.

8      The Court concludes that the facts known to Officer Foster or reasonably believed by him

9   show that a reasonable officer in Officer Foster's position could have believed that he was authorized

10  to use a pain-compliance take down to take Plaintiff into custody.  See Reynolds v. San Diego County

11  (9th Cir. 1996), 84 F. 3d 1162, 1170.  Therefore, Defendants are immune from liability for any claim

12  on which Plaintiff must prove use of excessive force by Officer Foster.

13     The Court will now consider any effect which these legal conclusions have on each claim.

14  **A.     FIRST CLAIM**

15     Plaintiff Bushell-McIntyre's First Claim against the Defendants was battery.  The jury was

16  instructed on the elements of battery and on self-defense claimed by Defendants.  The jury found in

17  favor of Defendants.  Accordingly, in its March 15 Order, the Court denied the Renewed Motion for

18  Judgment as a Matter of Law on that claim as moot.  Nothing in the Court's new conclusions causes the

19  Court to alter it ruling with respect to the First Claim.

20  **B.     SECOND CLAIM.**

21     Plaintiff's Second Claim against the Defendant was for battery by police officer during an

22  arrest.  The jury was instructed to determine, first whether Officer Foster had probable cause to arrest

23  the Plaintiff; and secondly, if so, whether he used reasonable force.  The jury found that Defendant

24  Foster did not have probable cause to arrest the plaintiff and awarded Plaintiff $500.00 on the Second

25  Claim.  Pursuant to the Court's legal conclusions articulated above, the Court disregards the jury's

26  verdict and will enter Judgment as a Matter of Law in favor of Defendants on Plaintiff Bushell

27

28

**United States District Court**
For the Northern District of California

6

McIntyre's Second Claim.

**C.    THIRD CLAIM.**

Plaintiff's Third Claim was for False Arrest.  The jury found in favor of Plaintiff on this claim and awarded to her $100,000.  This Claim can only be established on proof of an arrest without probable cause.  Since the Court has ruled that as a matter of law there was probable cause for an arrest and Officer Foster is entitled to qualified immunity, Defendants are entitled to Judgment as a Matter of Law on Plaintiff Bushell McIntyre's Third Claim.

**D.    FOURTH CLAIM.**

With respect to Plaintiff's Fourth Claim, the jury was instructed that Plaintiff claims that her rights protected by the Fourth Amendment were violated when she was arrested by Officer Foster without probable cause and when unreasonable force was used to place her under arrest.    Pursuant to the Court's legal conclusions articulated above, the Court disregards the jury's verdict and will enter Judgment as a Matter of Law in favor of Defendants on Plaintiff Bushell McIntyre's Fourth Claim.

**5. CONCLUSION**

For the reason set out in this Order, Judgment as a Matter of Law should be entered in favor of Defendants and against Plaintiff Bushell-McIntyre. The motion for a new trial is denied.

Date:   September 21, 2005                        _/s/James Ware_____
                                                 JAMES WARE
01cv21091recon                                   United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan F. Hunter hunter@gclitigation.com
M. Jeffery Kallis M_J_Kallis@Kallislaw.org
Nora Valerie Frimann cao.main@sanjoseca.gov
Robert Baker Burchfiel CAO.Main@ci.sj.ca.us

**Dated: September 21, 2005**                    **Richard W. Wieking, Clerk**

**By:   /s/JW Chambers**
      **Ronald L. Davis**
      **Courtroom Deputy**

**United States District Court**
For the Northern District of California

8